UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANA LOURDES SANCHEZ,

    Plaintiff,

v.                                            Case No. 8:20-cv-1792-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

I grant Plaintiff's Unopposed Motion for Attorneys' Fees, brought pursuant to 42 U.S.C. § 406(b) (Doc. 35), and award Plaintiff $19,108.75 in attorneys' fees.

On March 4, 2022, the Court entered an order reversing and remanding the Commissioner's decision against Plaintiff, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 28. The Clerk then entered judgment in Plaintiff's favor (Doc. 29) and the Court awarded Plaintiff's counsel $4,910.17 in fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 34. On December 4, 2023, after Plaintiff's claim was remanded to the Social Security Administration, the Administrative Law Judge entered an order finding Plaintiff was disabled as

of January 2016, and was entitled to past-due benefits.[1] Doc. 35-3. Plaintiff's counsel now seeks payment of fees in the amount of $19,108.75, which is the amount withheld by the social security administration for representation (Doc. 35-3 at p. 2) and less than 25% of the past-due benefits, pursuant to 42 U.S.C. § 406(b). Doc. 35. Defendant has filed no opposition to Plaintiff's request. *See* Doc. 39.

Under 42 U.S.C. § 406(b), when a court renders a judgment favorable to a Social Security claimant who was represented by counsel, the court may award a reasonable fee for the representation, not to exceed twenty-five percent of the total past-due benefits won by claimant. 42 U.S.C. § 406(b)(1)(A). The Supreme Court has instructed that, in awarding fees under 42 U.S.C. § 406(b), a court should not use the lodestar method, but should consider the overall reasonableness of the fee in light of the parties' fee agreement, "the character of the representation[,] and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). And, while a plaintiff's counsel may recover attorneys' fees under both 42 U.S.C. § 406(b) and the EAJA, counsel must refund to the plaintiff the amount of the smaller fee. *Id.*

---

[1] The benefits letter explains that Plaintiff is receiving a check for $65,053.25 for benefits through March 2024 and, additionally, that the Social Security Administration has withheld $19,108.75 as representative fees. Doc. 35-3 at pp. 1-2. Based on this, the Court calculates the past-due benefits to be $84,162.

2

In securing her representation, Plaintiff agreed with her counsel that Plaintiff would pay her counsel 25% of any past-due benefit award counsel helped Plaintiff obtain. Doc. 35-1. In light of the agreement, the risk taken by Plaintiff's counsel in representing Plaintiff on a contingency basis, and the results achieved, I find the requested attorney's fees award of $19,108.75 is appropriate. However, counsel must refund to Plaintiff the $4,910.17 in attorney's fees the Court previously awarded to her under the EAJA. Doc. 34.

Accordingly, it is hereby ORDERED:

1. Plaintiff's request for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 35) is GRANTED.

2. Plaintiff's counsel is awarded fees in the amount of $19,108.75 pursuant to 42 U.S.C. § 406(b), but must refund to Plaintiff the $4,910.17 in attorney's fees the Court previously awarded to Plaintiff's counsel under the EAJA.

3. The Clerk is directed to enter an amended judgment accordingly.

ORDERED on May 9, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge